**IN THE UNITED STATES DISTRICT COURT FOR THE** RECEIVED
**SOUTHERN DISTRICT OF ALABAMA** 2006 DEC 29 A 9: 51

Name _CHUCK STOUDEMIRE_

DEBRA P. HACKETT, CL...
...TRICT COURT
MIDDLE DISTRICT ALA

Prison Number _153319_

Place of Confinement _VENTRESS_

Action No. _2:06-CV-1153-MEF_

(To be supplied by Clerk of U. S. District Court)

_CHUCK STOUDEMIRE_ _____ (PETITIONER)

(Full name under which you were convicted)

v.

_WARDEN GILES_ _____ (RESPONDENT)

(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

**PETITION FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY**

Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

Even if the court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $5.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be

**Revised 10/6/04**

required to pay an amount, based on your assets, of up to the greater of 20% of your average monthly balance in your prison account, or your average monthly balance for six months immediately preceding the filing of your petition. Thereafter, your prison account will be garnished at the rate of 20% of your monthly income until the filing fee is paid.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the <u>original</u> and <u>two copies</u> must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You <u>must</u> <u>immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Circuit Court of

_COVINGTON_ County, Alabama; Case Number _CC-88-192._

Judge _McKATHAN_. Other court, and case number, if not Circuit Court:

_____

2. Date of judgment of conviction _MARCH 89_

3. Length of sentence _25 YEARS_

4. Nature of offense involved (all counts) _ATTEMPTED MURDER._

_____

_____

_____

**Revised 10/6/04**                    2

5. What was your plea? (Check one)

    (a) Not guilty _____✓_____

    (b) Guilty _____

    (c) Nolo contendere _____

6. Kind of trial: (Check one)

    (a) Jury _____✓_____

    (b) Judge only _____

7. Did you testify at the trial? Yes ___✓___ No _____

8. Did you appeal from the judgment of conviction? Yes ___✓___ No _____

9. If you did not appeal, explain briefly why you did not: _____

_____

_____

10. If you did appeal, answer the following:

    (a) Name of court ___COURT OF CRIMINAL APPEAL___

    (b) Result ___DENIED___

    (c) Date of result ___MAY 11 1990___

    (d) Did you file a petition for rehearing? Yes ___✓___ No _____; if yes, what was the result?

___DENIED_____

When did the court rule on your petition? _____

    (e) Did you file a petition for certiorari? Yes _____ No _____; if yes, what was the result?

_____

_____

When did the court rule on your petition? _____

11.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?

Yes ___✓___    No _____

12.    If your answer to 11. was "yes," give the following information:

(a)(1)  Name of court _*LIVINGSTON*_    Date filed _*JUNE 7- 2006*_

(2)  Nature of proceeding (Rule 32, Rule 20, etc.) _*RULE 32*_

_____

(3)  Grounds raised _*PETITIONER RAISED STH 7 GRAND*_ _*INDICTMENT. LESSER OFFENSE· HABITUAL*_ _*FELONY OFFENDER*_

_____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No ___✓___

(5)  Result _*DENIED*_

(6)  Date of result _*DEC 2006*_

(b)  As to any second petition, application or motion, give the same information:

(1)  Name of court _____*N/*_____    Date filed _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

**Revised 10/6/04**                    4

Yes _____ No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____ Date filed _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc.   Yes _____ No _____

Date filed _____ Result _____

Date of result _____

(2) Second petition, etc. Yes _____ No _____

Date filed _____ Result _____

Date of result _____

(3) Third petition, etc. Yes _____ No _____

Date filed _____ Result _____

Date of result 

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:



13. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

Caution: In order to proceed in the federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one: _____ *See Attached* _____

_____

1.  Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

_____

_____

2.  Did you raise this claim before the state courts on:

Direct appeal:  Yes _____ ✓ No _____

Rule 20/32 Petition:  Yes _____ ✓ No _____

Error Coram Nobis:  Yes _____ No _____

State Habeas Corpus:  Yes _____ No _____

3.  If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

B.  Ground two: _____ *See Attached* _____

_____

1.  Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

_____

_____

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ___✓___ No _____

Rule 20/32 Petition: Yes ___✓___ No _____

Error Coram Nobis: Yes _____ No _____

State Habeas Corpus: Yes _____ No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

C. Ground three ___*See ATTAKED*___

_____

1. Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

2. Did you raise this claim before the state courts on:

Direct appeal: Yes ___✓___ No _____

Rule 20/32 Petition: Yes ___✓___ No _____

Error Coram Nobis: Yes _____ No _____

State Habeas Corpus: Yes _____ No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

**Revised 10/6/04**                    8

D. Ground four: _SEE ATTACHED_____

_____

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

    _____

    _____

    2. Did you raise this claim before the state courts on:

    Direct appeal:  Yes __✓__  No _____

    Rule 20/32 Petition:  Yes __✓__  No _____

    Error Coram Nobis:  Yes _____  No _____

    State Habeas Corpus:  Yes _____  No _____

    3. If you did not raise this claim before the state courts, tell why you did not: _____

    _____

    _____

    _____

14. A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in

any other <u>federal</u> habeas corpus petition? Yes _____  No __✓__.

If yes, which grounds? _____

_____

State the name and case number of your previous federal habeas corpus petition: _____

_____

    B. Have you previously filed a habeas corpus petition attacking this present conviction in this or

any other federal court? Yes _____  No __✓__. If yes, state the name and case number of your previous

federal habeas corpus petition: _____

**Revised 10/6/04**                    9

_____

_____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No _____. If yes, name the court:_____

_____

and state the name and case number of the petition or appeal: _____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing ___N/A_____

_____

    (b) At arraignment and plea ___WESLEY LAIRD_____

_____

    (c) At trial ___WESLEY LAIRD_____

_____

    (d) At sentencing ___WESLEY LAIRD_____

_____

    (e) On appeal ___GRADY LANIER_____

_____

    (f) In any post-conviction proceeding ___Rule 32_____

_____

    (g) On appeal from any adverse ruling in a post-conviction proceeding ___Criminal Court___ Appeals._____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes __✓__ No _____

**Revised 10/6/04**                    10

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes __✓__ No _____

(a) If so, give name and location of court which imposed sentence to be served in the future:

_COVINGTON COUNTY COURTHOUSE_

_ANDALUSIA, ALA, 36420_

(b) And give date and length of sentence to be served in the future: _20 YEARS_

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes __✓__ No _____

19. TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Revised 10/6/04**                    11

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

PETITIONER ASKED THIS COURT TOO HAVE MERCY ON HIM. THE PETITIONER DID KNOW THE UNDER 28 U.S. 2244. HAVE A ONE YEAR TIME LIMITATION TOO FILED A HABEAS CORPUS. PETITIONER HAS FILED 6 RULE 32 IN THE PAST. SEND 1991 UNTIL 2006 JUNE. I AM INNOCENT OF THE CHARGE OF WHICH I HAVE BEEN FOUND GUILTY. I HAVE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND APPELLATE COUNSEL, I HAVE BEEN DENIED MY RIGHT TO DUE PROCESS AND A FAIR AND IMPARTIAL TRIAL. I NEVER KNOW THAT IS WAS A TIME LIMITATION TOO FILED HABEAS CORPUS, I'M VERY SORRY. ① ALL I WANT IS JUSTICE. THANK YOU.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

_____

Typed or printed name of attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed and delivered to custodial authorities for mailing on __12-29-06_____

_____ _DEC 29. 2006._____.

(date)

_Chuck Stoudermie_____

Signature of Petitioner

_P. O. Box- 776_____

Current mailing address _CLAYTON, ALA, 36016_

_____

## ARGUMENT I

Petitioner contends that this prosecution was initiated on an arrest warrant established on a bare-bones affidavit, the affidavit failed to set forth facts upon which conclusion is based, and was fatally defective, which resulted in an illegal arrest, and mandates the provisions of each constitution regarding the issuance of the warrants applies to arrests of person as well as to the search of person and premises. The Court in **Crittenden v. State**, 476 So. 2d 626 (Ala. of App. 1987); **Malone v. State**, 51 Ala. App. 19, 282 So. 2d 367 writ quashed. Dealt with a search warrant issued on an affidavit like the one in this case. It is clear that this is a bare-bones type affidavit that the United States Supreme Court said in **Illinois v. Gates**, 462 U.S. 213, 103 S.Ct. 2317, (1983), would be inadequate. Alabama courts also recognize that affidavits, like the one in the present action, which consists solely of the affiants conclusion that the named individual committed an offense, without setting forth the facts upon which the conclusion is based, is fatally defective. No facts are stated in support of the conclusion. The arrest warrant was issued on the basis of insufficient probable cause so far as the record shows.

## ARGUMENT II

Petitioner contends that the one prior felony conviction as improperly sed to enhance his sentence pursuant to the Habitual Felony Offender Act. State failed to prove that prior felony in New Mexico offense assault would constitute a felony in Alabama.  In 1981, in New Mexico Petitioner was convicted for Assault, which carried three (3) years.  Petitioner served six (6) months county time and received probation.  The State has a certificate showing that the Petitioner was convicted on an Assault charge.  The State did not prove that the prior felony in New Mexico would be a felony in the State of Alabama.  Petitioner argues that he was sentenced improperly under the Habitual Felony Offender Act.  **Cashing v. State,** 455 So. 2d 119 (Ala. Crim. App. 1984), §13A-1-2(4).

## ARGUMENT III

The United States Supreme Court in **Strickland v. Washington,** 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), has set a two-prong test for review of counsels performance.  The test involves cause and prejudice.  Petitioner contends that his trial counsel and appellate counsel were ineffective. Trial counsel should have raised that issue upon his appeals.  Petitioner was denied effective assistance of counsel by his appointed counsel at trial and appeal where the attorney failed to file a pretrial motion to dismiss, or otherwise squash, the indictment.  The attorney further failed to object, challenge or question the unconstitutional practices regarding the discrimination acts of not having a black foreman of the grand jury for 12 years.  Petitioner had been indicted on the attempted murder case by an unconstitutional grand jury where the jury commission of Covington County had intentionally discriminated against the blacks.  (There had only been three (3) black jury foremans out of at least eighty (80) grand juries for the past twelve (12) years.)  The black population of Covington County was 30% of the total population, thus, the systematic exclusion of blacks from the grand jury that indicted the Petitioner was unconstitutional and should have been evident to the trained attorney rendering effective assistance of counsel.

This flagrant constitutional violation is not purged by any theory of... once a fair trial had been rendered any unconstitutional irregularities is no longer challengeable, it is without merit.  See **Vasquez v. Hillery, 88 L.** Ed. 2d 598 (1986).  Rule 15.2(a), A.R.Cr.Proc., provides for objection and defenses which must be raised by motions.  Rule 15.2(a), A.R.Cr.Pr., states that failure to present these objections constitutes a waiver thereof; Rule 15.3(a)(1), A.R.Cr.Proc., states that a motion under Rule 15.2 must be made in Circuit Court at or before arraignment.  However, such "waiver is not a bar where Petitioner has established a prima facie case of racial discrimination in the appointment of grand jury foreman and forewoman" and the conviction cannot stand.

## ARGUMENT IV

### DENIAL OF DUE PROCESS

The trial court invaded the province of the jury, that the reasonable

doubt instruction used in the guilt phase of his trial was constitutionally

defective.  The instruction provided in pertinent part:

If you entertain a reasonable doubt as to any fact or element necessary

to constitute the defendant guilty, it is your duty to give him the benefit

of the doubt and return a verdict of not guilty.  Even where the evidence demon-

strates a probability of guilt beyond a reasonable doubt, you must acquit

the accused.  This doubt, however, must be a reasonable one; that is one that

is founded upon a real, tangible substantial doubt.  The State trial courts

instruction to the jury explaining the requirement that the individual guilt

be proved beyond a reasonable doubt – which instruction stated in part that a

reasonable doubt must be such as would give rise to a grave uncertainty and

must be an actual substantial doubt was required was a moral certainty –

is invalid under the due process clause of the federal Constitution's Fourteenth

Amendment.  Because the words "substantial and grave" when a reference to moral

certainty rather than evidentiary certainty it becomes clear that a reasonable

juror could have interpreted the instructions to allow a finding of guilt

based on a degree of proof below that required by the Due Process Clause.

In the case of **Cage v. Louisiana**, 112 L. Ed 2d 339, similar attempts to define

reasonable doubt have been widely criticized by the Federal Court of Appeals.

See, e.g. **Monk v. Zelex**, 901 F. 2d 885, 880-890, (C.A. 10, 1990).

As in the case at bar, the indictment was so defective that it rendered

the indicting process unconstitutionally infirm, see **Mitchell v. Rose**, 570 F. 2d

129, (6th Cir. 1978).  As a justice of the Alabama Supreme Court noted in 1963:

> "It is beyond the realm of speculation that any active
> lawyer, practicing law and residing in Montgomery, could
> fail to know that the question of exclusion of negroes from
> the juries in Montgomery County has been raised in recent
> years..."

## ARGUMENT IV
## CONTINUED

"It is inconceivable that any qualified and active legal attorney could not know of the raising of th question..." **Ex Parte Aaron**, 275 Ala. 237, 155 So. 2d 334 (1963).

## ARGUMENT V

Petitioner contends that the Trial Court allowed the Prosecution to strike many black jurors from his jury panel. Petitioner shows that court documents regarding his case number CC-88-192 shows beyond a reasonable doubt that at his trial before a Covington County grand jury, Chuck Stoudemire, a black man charged with Attempted Murder, and during trial of the aforementioned case, the prosecution used his peremptory challenges to strike many black jurors on the venire. They did not give a reason to the defense on why jurors were struck.

Petitioner's counsel did not move to discharge the jury on the ground that the prosecution action in the case violated the Petitioner's right to equal protection of the law under the 14th Amendment. Therefore, the attorney was ineffective as well as the Trial Court abused it's discretion by allowing the prosecution to prevent an equal proctection of the law under the 14th Amendment violation.

According to the case of **Batson v. Kentucky,** 90 L. Ed. 2d 69, page 88 [14B, 25A, 26A] once a defendant makes a prima facie showing, the burden shifts to the State to come forward with a race neutral explanation for challenging black jurors, which in this case the State never came forward with a neutral explanation. But, as the Court emphasized in **Batson v. Kentucky,** the prosecution explanation need not rise to a level justifying exercise of a challenge for cause. See **McCray v. Abrams,** 750 F. 2d at 1132; Booker v. Jabe, 775 F. 2d 762, 773 (CA 6, 1985).

Therefore, the Petitioner requests of the prosecution to present documents from the file of the case, that will show strict proof of why black jurors were removed from his trial venire, as records show that they were removed.

## ARGUMENT V

## CONTINUED

The Petitioner asserts that he did not raise this issue at the time of trial or on direct appeal because he was not aware but due to study of the law upon his incarceration, he now finds that the Trial Court allowed the prosecution to strike some black jurors without an explanation , and considers this to be first raised impression as newly discovered evidence and that the documents of trial and court records will present strict proof of that the prosecution presented such act of violation and gave no explanation to Defendant or Trial Court.

Petitioner claims that the Petition jury was unconstitutionally selected and impaneled in that the State struck certain jurors for their age in violation of **Batson v. Kentucky.**

## ARGUMENT VI

Petitioner argues that he was improperly sentenced because the State failed to give him notice of intent to proceed under the Alabama Habitual Felony Offender Act prior to sentencing as required by A.R.Cr.Pr., Temp. Rule 6(b)(3)(ii), A.R.Cr.Pr., 26.6(b)(3)(ii) formerly A.R.Cr.Pr., Temp. 6(b)(3)(ii) states:  At a reasonable time prior to the hearing, the Defendant shall be given notice of the prior conviction or convictions upon which the State intends to proceed.  The appellate courts have recently held that the Habitual Felony Offender Act cannot be applied if the Defendant was not given proper notice before the first sentencing hearing.  **Jackson v. State,** 566 So. 2d 758, 760 (Ala. 1990).

Petitioner did not receive notice of any prior felony convictions before his first sentencing hearing.  He should not have been sentenced as a Habitual Felony Offender.  **Hugley v. State.**

## ARGUMENT VII

Petitioner asserts that during his trial, the Prosecution, along with the Trial Court, failed to charge a lesser offense, which should be a reversible error. The Trial Court permitted prejudicial to the Defendant in not instructing the jury on the lesser included offense of murder. See **Anderson v. State,** 507 So. 2d 580 (Ala. Crim. App. 1987). The Petitioner asserts that evidence along with witness for the prosecution testimony, shows that Petitioner only fired a gun over the head in the air, and not directly at the victim, but away from him, and this reckless endangerment was a lesser included offense of attempted murder. **Code of Alabama,** 1975, Title 13A-1-9(b), 13A-6-24.

According to **Chinda v. State,** 564 So. 2d 95 (Ala. Crim. App. 1990), A)3) Criminal Law 795 (250), 1173.2(4). If the Trial Court fails to charge on reckless endangerment upon defense counsel's request, this was prejudicial error in prosecution of defendant for attempted murder. Therefore, the Trial Court should have given instructions of the jury of reckless endangerment.

The lesser included offenses are:

       Attempted Assault, First Degree, 13A-6-20

       Attempted Assault, Second Degree, 13A-6-21

       Attempted Assault, Third Degree, 13A-6-22

Petitioner claims he received ineffective assistance of counsel on the following basis:

    (1)  Inadequate preparation time.
    (2)  Failed a requested mental review of the Defendant.
    (3)  Failed to investigate all areas of defense.
    (4)  Did not question jury.
    (5)  Failed to utilize Defendant's defense of self-defense.
    (6)  Failed to make a **Batson** objection on the basis of age.
    (7)  Failed to object to incriminating remark and allegations by District Attorney.

Petitioner claims that the District Attorney made inflammatory statements during the closing argument. Defendant's attorney could have decided as a matter of tactics not to emphasize any statements.

## ARGUMENT VIII

### CONVICTION OBTAINED BY AN UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.

Petitioner asserts that records would reflect that the State had a witness by the name of Lacie Lawrence to testify on the witness stand upon Petitioner's trial, in which this witness would have testified, that the Defendant was intoxicated at the time of the incident, which would have rendered him incapable of knowing what he may have been doing.

Petitioner states that the records reflect that the Prosecution did not use Lacie Lawrence during the trial, and never notified the Defendant that the witness would not be used.

Also, Petitioner asserts that the State's witness, Michael Lyndsay, who was 12 years old testified on the witness stand, and the Prosecution coerced the witness on what he needed to say to fit the allegations of the Prosecution's argument.

## ARGUMENT IX

## THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE.

Petitioner argues that the Trial Court erred by denying his challenge for cause of some venire members.  "Is there anybody here who would give more weight to a police officer's testimony just because they are a police officer?  Thank you.  Would anybody else?"  Venire members were questioned further about their possible bias in favor of a police officer.  The State made no attempt to rehabilitate those jurors.  **Uptain v. State**, 534 So. 2d 686 (Ala. App. 1988).

## ARGUMENT X

## THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE.

Petitioner contends that the arrest warrant and the indictment in his case are false due to the fact that the affidavits used to obtain the warrant and the indictment were not sworn under oath, nor were they notarized.  The indictment should have been void.  It does not contain all the elements of the offense in which failure to allege an element of the charged offense is a jurisdictional defect that renders the indictment void.  **Ex Parte Lewis**, 811 So. 2d 485 (Ala. 2001).

The Petitioner contends the indictment was defective on the August term of 1988.  The grand jury returned an indictment to Attempted Murder, a Class B Felony, Title 13A-6-2, violation of 13A-4-2. Petitioner was convicted for a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of a felony, not less that 10 years held an illegal sentence.  13A-6-2  Murder.

A person commits the crime of Murder with intent to cause death of another person, he causes the death of that person or of another person. Defects involving elements of offense voids indictment.  When the defects in an indictment involve an element of the offense as where the indictment does not on it's face charge an offense or where the accused is left unaware of the nature and cause of the charge against him, the indictment is void. **Edward v. State**, 379 So. 2d 336 (Ala. Crim. App. 1979).

## ARGUMENT XI

## THE TRIAL COURT SHIFTED THE BURDEN OF PROOF ONTO THE PETITIONER

## WHEN THE COURT GAVE AN ERRONEOUS BURDEN SHIFTING INSTRUCTION.

The law is clear the State has the burden of proof in a criminal trial,
and the Defendants' presumption of innocence is paramount.  The Petitioner
aside from his not guilty plea, said not guilty by intoxication.  Though
intoxication is no defense, the State still had the burden of proof.  However,
this burden was shifted in the Court's instructions:

At R.: 112 the Trial Court stated:

> "...that is a fance way to say, was he so intoxicated
> that he did not have the capacity to form the intent
> to kill."

This instruction, that if the jury were not reasonably satisfied
beyond a reasonable doubt and moral certainty of Defendant's criminal
responsibility they could not convict; that before they could convict they
must be satisfied beyond a reasonable doubt, not only that he was guilty,
but that he was too intoxicated.  If they had a reasonable doubt as to either
proposition they could not convict, that before they could return a verdict of
guilty they must be satisfied beyond a reasonable doubt that he was guilty
and sober, of sound mind; and that if they had a reasonable doubt they could
not find him guilty.

This charge is contrary to the Alabama Code and the United States
Constitution as imposing on Defendant the burden of proving intoxication –
mental awareness – to a reasonable satisfaction of the jury.

## ARGUMENT XII

<u>THE REASONABLE DOUBT INSTRUCTION USED IN THE GUILT</u>

<u>PHASE OF PETITIONER'S TRIAL WAS CONSTITUTIONALLY DEFECTIVE.</u>

The reasonable doubt instruction given by the Trial Court was constitutionally defective in that it allowed a finding of guilt based on a degree of proof below that required by the due process clause.

In the instructions, (R. 108 thru 117) the Court did charge at one point, instruct that to convict, guilt must be found beyond a reasonable doubt.  It then equated a reasonable doubt with an "actual substantial doubt" and stated that was required was a "moral certainty" that the defedant was guilty.

This instruction violated the reasonable doubt requirement protected by the due process clause of the State and Federal Constitution.

## ARGUMENT XIII

### THE TRIAL COURT FAILED TO COMPLY WITH STATUTORY

### PROVISIONS CONCERNING "REFUSED" AND "GIVEN" JURY INSTRUCTIONS.

There were several requested jury charges that failed to reflect statutory requirements and thus prevented a proper appellate review.

Pursuant to §12-16-11 and 12-16-13, Code of Alabama, 1975, the endorsement "given" or "refused" on the charges is essential in order that they may be reviewed on appeal.

Petitioner submits that cumulatively, if not individually, the afore-mentioned errors are sufficient to warrant the granting of this petition and appropriate relief granted for the aforegoing due process violations.

## ARGUMENT XIV

### THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHICH IN TURN CAUSED APPELLATE COUNSEL TO BE INEFFECTIVE AND INADEQUATE.

Petitioner submits that he is innocent of the charges for which he has been found guilty and that but for the errors of Trial Court and the ineffective assistance of Trial Counsel the outcome of the trial would have been different.

The United States Supreme Court, in **Strickland v. Washington,** 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) has set a two prong test for the review of counsel's performance. The test involves "cause" and "prejudice."

The "cause" prong is reviewable in the due process violations listed above and trial counsel's failure to object, thereby preserving for appellate' review those errors, denied the Petitioner the right to a fair and impartial trial and adequate review by the appellate courts.

Had counsel objected to the erroneous jury instructions and the Trial Court's failure to follow the statutory provisions and the Constitutional provisions on jury instructions, there is a possibility that the outcome of the trial would have been different. It need not be a certainty, but only a possibility.

Competent counsel, trained in the science of the law, is well aware that there are but two ways to have errors of the Trial Court reviewed - Motion for New Trial or Objection to the errors of the Court. Yet Trial Counsel did none of these things to protect the Petitioner's rights to a fair trial and adequate review. Thus, when the new counsel came aboard, he could only raise the issues preserved by the ineffective trial counsel.

The "prejudice" is apparent. Had trial counsel acted in an effective manner, the errors would have been preserved for review in the least instance. But, more importantly, the possible outcome of the entire trial may have been different.

## ARGUMENT XV

Officers attempted arrest of Petitioner was illegal where officer was attempting to arrest Petitioner for misdemeanor that was not committed in his presence and there was considerable evidence that Petitioner asked the officer to show him the warrant, but the officer did not produce it.

Petitioner's argument is that the officers would never try to arrest him illegally, then the Petitioner would never have gotten the officer's revolver due to the illegal arrest.

On May 19, 1998 Officer James Myers employed by the Opp Police Department received a phone call to Williams Street. The officer told Petitioner at Williams Street that he was under arrest for a misdemeanor charge. The Petitioner Chuck Stoudemire, asked Officer Myers to show him the warrant for the mis-demeanor charge. Officer Myers told the Petitioner Chuck Stoudemire that the warrant was at the police station. Petitioner told Officer Myers that he was not going to jail without the warrant. The officer told the Petitioner that he was going to jail without the warrant. Officer Myers tried to force the handcuffs on the Petitioner. Jerking away from officer Myers and gainde control over Myers revolver. He fired two or three shots at Myers feet, two shots over Myers head.

Petitioner argues that because Officer Myers tried to make an illegal arrest, the Attempted Murder case would never have happened. See **Edwards v. State**, 452 So. 2d 503 (Ala. 1983).